THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ISAAC PORTMAN, Defendant.

Court of Special Sessions, City of New York, Part 1, February 24, 1930.

*Thomas C. T. Crain, District Attorney,* for the People.

*Henry M. Hirsh,* for the defendant.

WALLING, J.  The information herein made by one Higgins is dated October 26, 1928, and states that a crime was committed October 26, 1926, one day before the Statute of Limitations of two years (Code Crim. Proc. § 142) would have run, barring the prosecution for the crime therein alleged  (*People* v. *Burgess,* 153 N. Y. 561.)

The information of the district attorney has no date on the face thereof, but was filed August 7, 1929.

The warrant for the arrest of the defendant was issued June 21, 1929.

An information is the allegation made to the magistrate that a person has been guilty of some designated crime.  That information is deemed the indictment, and under section 144 of the Code of Criminal Procedure, it is held that an indictment is found when

it is duly presented by the grand jury in open court and there received and filed.

The information laid before a police justice is the foundation of his jurisdiction and performs the same office as an indictment in a superior court. The force of the warrant is merely to bring the person charged with a crime before the magistrate. (*Shappee* v. *Curtis*, 142 App. Div. 155; *People* v. *Blake*, 121 id. 613; *People* v. *Carrie*, 122 Misc. 753.)

In deciding this case, we must not be confused with the amendment of section 144 of the Code of Criminal Procedure (Laws of 1929, chap. 246, § 3), which did not go into effect until July 1, 1929, as that warrant was issued before the amendment of July first went into effect.

In view of the foregoing, I vote to deny the motion to dismiss this proceeding, and hold that the proceeding was begun in time.

Present, WALLING, HERBERT and HEALY, JJ.