Paul R. Hartsfield Clerk Circuit Court Tallahassee
QUESTIONS:
1. Under ss. 741.051, 741.052, and 741.053, F. S., must the serology test statement and the certificate of the physician be manually signed by the person in charge of the serology laboratory and the physician?
2. Are facsimile signatures authorized for either party? If so, are these persons considered `public officials,' and do they have to register their signatures with the Secretary of State under the provisions of s. 116.34, F. S.?
SUMMARY:
The laboratory serology test report or statement and physician's certificate required under the provisions of ss. 741.051, 741.052, and 741.053, F. S., and prescribed by and incorporated in the Certificate of Premarital Examination provided by the Department of Health and Rehabilitative Services (HRS Form 692, August 1978), are not required by law to be manually or personally signed by the signatory physician and authorized laboratory representative. Facsimile or rubber stamp facsimile signatures may be lawfully used by the signatory physician and authorized laboratory representative purporting to sign the serology test report or statement and physician's certificate prescribed by ss. 741.051, 741.052, and 741.053, or through someone duly authorized by them acting at their direction and in their presence. Section 116.34, F. S., the Uniform Facsimile Signature of Public Officials Act, does not apply to or regulate the signatory physician and authorized laboratory representative; nor does it apply to the certificate of premarital examination or the affixation of signatures thereto. That law applies to and regulates only the public officers and documents, instruments, orders, and resolutions enumerated therein.
AS TO QUESTION 1:
Section 741.051, F. S., in pertinent part provides:
 Every person making application for license to marry shall file with the county court judge or clerk of the circuit court . . . a certificate from a duly licensed physician, which certificate shall state that the applicant has been given an approved serological test . . . .
Section 741.052, F. S., in part provides:
 The certificate of the duly licensed physician, as aforesaid, shall be accompanied by a statement by the person making the standard serological test or from the person in charge of the laboratory making the test, setting forth the name of the test, the result of the test, the date it was made, the name and address of the physician who submitted the sample of blood for the test . . . .
Section 741.053, F. S., in pertinent part provides:
 The certificate of a physician and the statement constituting the laboratory report on the serological test shall each be on a form to be provided by the Department of Health and Rehabilitative Services . . . .
The aforecited statutes do not in terms require a manual or personal signature or prescribe any method of affixing the signature of the licensed physician or the person in charge of the serology laboratory to the physician's certificate or the laboratory statement, certifying that an applicant for a marriage license has taken a serological test. Moreover, examination of the standard form prescribed by the Department of Health and Rehabilitative Services (HRS Form 692, entitled `Certificate of Premarital Examination') reveals that, although the standard form provides for the signatures of the signatory physician and authorized laboratory representative, it does not provide any method of affixing such signatures to the certificate or specify manual or personal signatures.
The general rule of law is that in the absence of a statute prescribing the method of affixing a signature, it may be affixed in many different ways, including affixation by a facsimile or rubber stamp facsimile of the signer's signature. See 80 C.J.S.Signatures s. 7. Signatures may be made by the purported signer himself or through someone duly authorized by him acting in his presence and at his direction. 80 C.J.S. Signatures ss. 2a and 6. In State v. Hickman, 189 So.2d 254 (2 D.C.A. Fla., 1966), cert.denied, 194 So.2d 618 (Fla. 1966), the Florida appellate court adopted the general rule of law as to the mode of affixing signatures and the requisites and validity thereof as the rule of law in Florida. State v. Hickman holds that a signature may be legally made not only by the signer himself but by and through someone duly authorized by him; and, if a facsimile or rubber stamp signature is affixed to a document by someone else, the only requisite is that it must be so affixed upon the authority or at the direction of the person whose signature it purports to be and in his presence. That decision sets forth, verbatim, the general rule as to the mode of affixing a signature found in 80 C.J.S.Signatures s. 7:
 In the absence of a statute prescribing the method of affixing a signature, it may be affixed in many different ways. It may be written by hand, and generally, in the absence of a statute otherwise providing, it may be printed, stamped, typewritten, engraved, photographed, or cut from one instrument and attached to another. A signature lithographed on an instrument by a party may be sufficient for the purpose of signing it, and it has been held or recognized that it is immaterial with what kind of an instrument a signature is made. Facsimile signature of a person may be a genuine signature.
I therefore conclude that the laboratory serology test report or statement and physician's certificate prescribed by and incorporated in the certificate of premarital examination provided by the Department of Health and Rehabilitative Services are not required by law to be manually or personally signed by the signatory physician and authorized laboratory representative.
AS TO QUESTION 2:
As discussed above in answer to your first question, under existing statute and case law the signatory physician and authorized laboratory representative in question may lawfully affix their facsimile or rubber stamp facsimile signatures on the prescribed laboratory serology test report or statement and physician's certificate. As to the second part of your second question, s. 116.34, F. S., does not purport to regulate the signatory physician and authorized laboratory representative in question; neither does that statute apply to the certificate of premarital examination or the affixation of signatures thereto. Section 116.34 applies only to the public officers and documents, instruments, orders, and resolutions enumerated therein.
Prepared by: John W. Williams, Assistant Attorney General