The Honorable George Firestone Secretary of State The Capitol Tallahassee, Florida 32301
Dear Secretary Firestone:
This is in response to your request for an Attorney General Opinion on the following question:
 MAY A PERSON WHO IS A DULY COMMISSIONED NOTARY PUBLIC USE A RUBBER SIGNATURE STAMP IN LIEU OF MANUAL SIGNATURE FOR NOTARIZING DOCUMENTS IN A SITUATION WHERE THE PERSON HAS A HANDICAP WHICH AFFECTS HIS HANDWRITING?
Section 92.50(1), F.S., regarding the statutory requirements for oaths, affidavits and acknowledgments and providing who may take or administer such oaths, affidavits and acknowledgments provides that:
 Oaths, affidavits, and acknowledgments required or authorized under the laws of this state (except oaths to jurors and witnesses in court and such other oaths, affidavits and acknowledgments as are required by law to be taken or administered by or before particular officers) may be taken or administered by or before any judge, clerk, or deputy clerk of any court of record within this state, including federal courts, or before any United States commissioner or any notary public within this state. The jurat, or certificate of proof or acknowledgment, shall be authenticated by the signature and official seal of such officer or person taking or administering the same; however, when taken or administered before any judge, clerk, or deputy clerk of a court of record, the seal of such court may be affixed as the seal of such officer or person. (e.s.)
Chapter 117, F.S., specifically addressing notaries public provides in s 117.01(3), F.S., that notaries "shall use and exercise such office of notary public for such places and within the boundaries of the state, to whose protestations, attestations, and other instruments of publication due credence shall be given." Further, s 117.03(1), F.S., states that in all cases in which it is necessary to the due and legal execution of any writing or document "to be attested, protested, or published under the seal of his office, any notary public may administer an oath and make certificate thereof." (e.s.) See also, s 117.04, F.S., authorizing notaries to take, among other things, the acknowledgments of deeds and other instruments for record. Section 117.07(1), F.S., in certain cases, requires a notary public to "add to his official signature to any certificate of acknowledgment" a statement as to the time of the expiration of the notary's commission, and s 117.07(2), F.S., permits the use of rubber stamp seals in affixing the notary seal to all documents.
These statutes do not in terms require a manual or personal signature or prescribe any method of affixing the signature of the notary public to an affidavit, acknowledgment, certificate, document or instrument. The general rule of law is that, in the absence of a statute prescribing the method of affixing a signature, it may be affixed in many different ways, including affixation by a facsimile or rubber stamp facsimile of the signer's signature. See, 80 C.J.S. Signatures s 7. A signature may be made by the purported signer himself or through someone duly authorized by him acting in his presence and at his direction. See, 80 C.J.S. Signatures s 2. In the case of State v. Hickman,189 So.2d 254 (2 D.C.A. Fla., 1966), cert. denied, 194 So.2d 618
(Fla. 1966), involving an arrest warrant signed with the facsimile signature of the issuing magistrate, the Florida appellate court adopted the general rule of law regarding the mode of affixing signatures and the requirements and validity thereof as the rule of law in Florida. In Hickman, supra, the court held that a signature may be legally made not only by the signer himself but by and through someone duly authorized by him; and, if a facsimile or rubber stamp signature is affixed to a document by someone else, the only requisite is that it must be so affixed upon the authority or at the direction of the person whose signature it purports to be and in his presence. The Hickman decision (at page 258) sets forth the general rule as to the mode of affixing a signature found in 80 C.J.S. Signatures s 7:
 In the absence of a statute prescribing the method of affixing a signature, it may be affixed in many different ways. It may be written by hand, and, generally, in the absence of a statute otherwise providing, it may be printed, stamped, typewritten, engraved, photographed, or cut from one instrument and attached to another. A signature lithographed on an instrument by a party may be sufficient for the purpose of signing it, and it has been held or recognized that it is immaterial with what kind of an instrument a signature is made. Facsimile signature of a person may be a genuine signature.
The important factor as recognized by the court in that case was that the issuance of the warrant was the act of the official involved, it was his judgment that was invoked, and it was his judgment that was exercised. The affixing of the signature on the document even in the form of a rubber stamp and in the hand of a clerk in the office, constituted an attestation that it was the act of the official required to make such attestation.
In sum, in the absence of any Florida statute prescribing the method of affixation of the signature of a notary public, it is my opinion that a person who is a duly commissioned notary public may use a facsimile signature or rubber signature stamp in lieu of his or her manual signature for notarizing documents in a situation where the person has a handicap which affects his or her handwriting.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General