475 So.2d 1303 (1985)
Kenneth N. HANKIN and Irene Hankin, Appellants,
v.
Anthony BLISSETT and Jacqueline D. Blissett and George Sylvia, Appellees.
No. 84-1161.
District Court of Appeal of Florida, Third District.
September 24, 1985.
Harvey D. Rogers, Miami, for appellants.
King, Wayner, Leavy & Rabin and Peter H. Leavy, South Miami, for appellees.
*1304 Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.

ON MOTION TO DISMISS APPEAL
DANIEL S. PEARSON, Judge.
The appellees have moved to dismiss the appeal on the ground that the appellants' notice of appeal, having been signed by a non-lawyer, the secretary to the attorney for the appellants,[1] rather than the attorney for the appellants, is a nullity, and any amended notice would be untimely.
We deny the motion. First, although Florida Rule of Judicial Administration 2.060(d) requires, inter alia, that "[e]very pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name," a pleading signed in the name of the attorney by the attorney's authorized agent is, in effect, a pleading signed by the attorney.[2] Second, the rule itself provides that only a pleading which is not signed or is signed with intent to defeat the purpose of the rule may be stricken, and the notice herein is surely not such a pleading. Third, in the a fortiori case of Great Southern Trucking Co. v. Standard Wholesale Grocery Co., 110 So.2d 507 (Fla. 3d DCA 1959), this court refused to treat a notice of appeal filed on behalf of a corporation by an attorney not admitted to practice law in this state as jurisdictionally deficient and allowed the appeal to proceed, provided that either Florida counsel appeared or an order permitting out-of-state counsel to appear was procured. See Magnolias Nursing and Convalescent Center v. Department of Health and Rehabilitative Services, Office of Licensure and Certification, 428 So.2d 256 (Fla. 1st DCA 1982), rev. denied, 449 So.2d 265 (Fla. 1984) (dictum), but see Daytona Migi Corp. v. Daytona Automotive Fiberglass, Inc., 417 So.2d 272 (Fla. 5th DCA 1982) (dictum).
Motion denied.
NOTES
[1] The secretary, Ana Diaz, was authorized to sign and signed the name of the attorney, Harvey D. Rogers, on the notice. This fact came to light during earlier proceedings before a commissioner appointed by this court to determine whether the appeal was timely filed, a question which could not be resolved without an evidentiary hearing.
[2] Where, as here, there is no contention that the notice or pleading was authored and prepared by a non-attorney, the public policy prohibiting the unauthorized practice of law is not implicated. Cf. Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So.2d 247 (Fla. 3d DCA 1985).