476 So.2d 774 (1985)
BUILDING INSPECTION SERVICES, INC. OF DADE, a Florida Corporation, Appellant,
v.
Isaac OLEMBERG and Nieves Olemberg, Appellees.
Nos. 85-605, 85-606.
District Court of Appeal of Florida, Third District.
October 15, 1985.
Siegfried, Kipnis & Rivera and Lisa Millhauser, Miami, for appellant.
Douglas D. Stratton and Pedro A. Cofino, Miami Beach, for appellees.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
We hold that a letter filed in a cause by an officer of a defendant corporation, advising the court that the corporation is attempting to engage an attorney to represent it, constitutes a "paper" under Rule 1.500(a) Florida Rules of Civil Procedure, See Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3d DCA 1985); Accord Dalminter, Inc., v. Jessie Edwards, Inc., 27 F.R.D. 491 (S.D.Tex. 1961); McClintock v. Serv-Us Bakers, 103 Ariz. 72, 436 P.2d 891 (1968); Best v. Jones, 644 P.2d 89 (Colo. App. 1982); Roland v. W & L Motor Lines, Inc., 32 N.C. App. 288, 231 S.E.2d 685 (1977); See also Hankin v. Blissett, 475 So.2d 1303 (Fla. 3d DCA 1985), and, a default entered by a clerk, with such a "paper" in the file, was not authorized, therefore the trial court erred in refusing to set same aside. Reicheinbach v. Southeast Bank, N.A., supra; Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980); Mo-Con Properties, Inc., v. American Mechanical, Inc., 289 So.2d 744 (Fla. 4th DCA 1974).
Reversed and remanded.