536 So.2d 349 (1988)
Glen A. WEMETT, Petitioner,
v.
STATE of Florida, Henry Cook, et al., Respondent.
No. 88-1967.
District Court of Appeal of Florida, First District.
December 21, 1988.
Glen A. Wemett, pro se.
James L. Harrison, Gen. Counsel, and Lee S. Carlin, Asst. Counsel, for respondent Cook.

ON PETITION FOR WRIT OF MANDAMUS
PER CURIAM.
Glen Wemett, an inmate in Florida's correction system, brought a civil action in the circuit court for Duval County based upon actions of the police department. His complaint was dismissed with prejudice but this court reversed, finding that plaintiff should *350 have been given leave to comply with the applicable notice requirements. Wemett v. Duval County, 485 So.2d 892 (Fla. 1st DCA 1986). On remand, plaintiff was permitted to file three amended complaints but each was dismissed, the last one with prejudice. A motion for rehearing on the dismissal was denied by order of January 25, 1988.
Wemett alleges that on February 19, 1988, he gave to prison officials a notice of appeal for transmittal for filing. It is further alleged that a mail log maintained by a notary at the prison reflects that the notice was mailed on that date to the clerk of the circuit court.[1] The clerk of the lower tribunal, however, did not accept the notice for filing. According to petitioner, he received his notice returned to him with an unsigned note indicating that filing of the notice would not be permitted until an order of indigency was rendered by the trial judge. When Wemett could obtain no satisfaction through correspondence with the lower tribunal, he petitioned this court for a writ of mandamus. A show cause order issued and in response the clerk argues that the notice of appeal was rejected not for failure to pay the filing fee or obtain a waiver of same, but because the notice was a photocopy and lacked an original signature.[2]
If the notice of appeal was in fact rejected because the appellant had not been adjudicated insolvent, the clerk's action was improper. This question has been well-settled in Florida since our supreme court addressed the issue in Williams v. State, 324 So.2d 74 (Fla. 1975). Thus, if we accept petitioner's version of the facts, he is entitled to the relief he seeks.
If we accept respondent's version, however, the question of law presented, whether the absence of an original signature on a notice of appeal is a jurisdictional defect, is not so well-resolved. It appears that no Florida appellate court has directly spoken to this issue, but a number of authorities suggest that the question should be answered negatively.
First, it is the general rule that a defect in a notice of appeal that does not prejudice the adverse party will not serve as grounds for dismissal. Milar Galleries, Inc. v. Miller, 349 So.2d 170 (Fla. 1977); Brown v. Winn-Dixie Stores, Inc., 267 So.2d 78 (Fla. 1972). Certainly, an appellee would be hard pressed to show prejudice from the lack of an original signature on a notice of appeal presented to the clerk so long as the notice was otherwise sufficient and was timely filed and properly served. In the Florida decision presenting facts most analogous to those before us, a motion to dismiss the appeal was predicated on the signing of the notice of appeal by the secretary of counsel for appellant, rather than the attorney himself. In Hankin v. Blissett, 475 So.2d 1303 (Fla. 3d DCA 1985), our sister court determined that such a defect was not jurisdictional and denied the motion to dismiss. We believe that Hankin was correctly decided and we cannot reconcile the rule of law announced there with the position of respondent in this cause. To allow the clerk of the lower tribunal to accept a notice containing the original signature of an unauthorized person while rejecting a notice bearing a photocopy of the signature of an authorized person is simply too illogical for us to approve as a permissible policy.
Further support for the conclusion we reach is found in authorities discussing signatures outside the context of notices of appeal. In State v. Hickman, 189 So.2d 254 (Fla. 2d DCA), cert. denied, 194 So.2d 618 (Fla. 1966), it was held that a warrant bearing the facsimile stamp of a justice of the peace was valid even if the stamp were affixed by his clerk, so long as the clerk was acting upon the authority of the official. *351 The court quoted with approval from a legal treatise the proposition that:
In the absence of a statute prescribing the method of affixing a signature, it may be affixed in many different ways. It may be written by hand, and, generally, in the absence of a statute otherwise providing, it may be printed, stamped, typewritten, engraved, photographed or cut from one instrument and attached to another.
189 So.2d at 258 (quoting 80 C.J.S. Signatures § 7 (1953)). Facsimile signatures have also been deemed sufficient on certificates of estreature of bail bonds, Bankers Insurance Co. v. State ex rel. Hardee County, 437 So.2d 708 (Fla. 2d DCA 1983), review denied, 447 So.2d 885 (Fla. 1984), and wage loss claim forms in workers' compensation proceedings, Ardmore Farms v. Smith, 423 So.2d 1039, 1043 n. 2 (Fla. 1st DCA 1982) (rehearing en banc).
We recognize the requirement in Rule 2.060(e), Florida Rules of Judicial Administration, that pleadings prepared by parties proceeding in propria persona be signed.[3] Respondent argues that this rule provides authority for him to reject a notice of appeal (or, presumably, any other pleading) that does not contain an original signature. While we agree that it is the better practice for a pleader to affix an original signature to the copy of the pleading filed with the court, in view of the above authorities we cannot agree with respondent's position in the absence of an express requirement in the cited rule or elsewhere that the pleading filed with the clerk must contain an original signature.[4]
Upon consideration of the foregoing, we grant the relief sought by petitioner Wemett. Petitioner is directed to transmit another copy of his notice of appeal to respondent who shall deem it timely filed on or before February 24, 1988. The date of issuance of our mandate in this cause shall serve as commencement of the appeal for calculation of times for performance of acts under the Florida Rules of Appellate Procedure in the appeal that ensues.
Petition granted.
SMITH, C.J., and WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] There is no contention by any of the parties that the notice did not reach the clerk by February 24, the last day for filing pursuant to Rule 9.110(b), Florida Rules of Appellate Procedure.
[2] Respondent offers nothing in support of this contention. Petitioner has tendered to the court the unsigned note that he contends was attached to the notice when it was returned to him. While we have no way of determining the authenticity of the note, that issue is moot in view of our disposition of this cause.
[3] The rule we announce herein would appear to be equally applicable to notices of appeal filed by parties represented by counsel, see Rule 2.060(d), Florida Rules of Judicial Administration, and to other pleadings including petitions for extraordinary writ filed pursuant to Rule 9.100, Florida Rules of Appellate Procedure.
[4] If the clerk has a valid administrative reason for requiring an original signature on pleadings, the pleading with a facsimile signature should be accepted for filing and the pleader notified to supply the court with an additional copy that has an original signature.