[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT OF ACQUITTAL
The first question to resolve is when the offer was made and who made it. The term "offer" is something more than a casual comment to the effect that I'd be glad to do something for you in anticipation of being paid for doing it. Such an overture was made on the 30th of July. However, there certainly was no meeting of minds and no offer that could be acted upon until the terms of that offer were complete. That did not occur until August 24th. This Court finds, therefore, that the offer required by the statute was, indeed, made on the 24th.
This ruling is made for purposes of measuring this argument you've offered, and is not to say that the jury might not decide it differently. The Court is satisfied that the 24th is date for determining your pleaded special defense on the statute of limitations.
The walkway and the steps leading to the house come within the meaning of the home improvement act. It endorses Judge Barnett's opinion that the statute must be looked at in such a way as to be inclusive rather than exclusive. The Court finds this is clearly a home improvement situation, and that the gentleman did not a have a certificate of registration.
The State has introduced evidence sufficient to CT Page 5073 sustain a conviction in this prosecution for violation of section 20-427(b)(5) of the General Statutes. The Defense has, as previously been noted, filed a special defense involving the statute of limitations. It has the burden of proving by a fair preponderance of the evidence that this prosecution was not instituted within one (1) year next after the offenses committed. See Sec. 54-193(b) of the General Statutes.
The hue and cry always was that the issuance of the warrant, the execution of the warrant by the judge tolled the statute. This interpretation did not, however, presume to define the word "prosecution" in terms of the acts necessary to fulfill that principle within the time mandate of the statute. In 1987, that dilemma was addressed. "When an arrest warrant has been issued and the prosecutorial official has promptly delivered it to a proper officer for service, he's done all he can under our existing law to initiate prosecution and to set in motion the machinery that will provide notice to the accused of the charges against him. When the prosecutorial authority has done everything possible within the period of limitation to evidence and effectuate an intent to prosecute, the statute is tolled." STATE V CRAWFORD 202 Conn. 443, 450; citing therein STATE V HICKMAN 189 So.2d 254, 261-262, (Fla.App. 1966) Does the word "delivery" mean actual or constructive delivery? This being a criminal act and a criminal statute of limitations, the Court recognizes the State's burden and the legion of strict construction decisions in our process and holds that only actual delivery will satisfy the statute. The state's attorneys office has acted reasonably and properly. Its personnel should not be expected to call the interested enforcement authorities each and every time a warrant has been signed. There is clearly an obligation on behalf of those who seek the warrant, in this case, Ridgefield or the attorney general's office to follow it and to ensure, particularly when the time is very, very limited, that the enforcement authority obtains it within time to prevent the the tolling of the statute. CT Page 5074
It appears as though the Ridgefield Police Department may be somewhat embarrassed by the failure to keep a log on the issuance of warrants; i.e. when received, and when executed. It would seem to be a very basic premise. This has not been the department policy, and had it been so there would be no question about "delivery."
Testimony elicited by the defense from the Ridgefield officers clearly and unequivocally established that the arrest occurred on the 25th, one day after the statute expired. Officer Dyer has no idea when he received the warrant and no idea if it was delivered to Officer Gates. Gates, to his credit, testified that it was on his desk at the beginning of his shift on the 25th, and that it was not there when he concluded his shift at midnight on the 24th. The Defense has satisfied the Court that it has met its burden on its special defense.
The Court finds that the State has not instituted this prosecution within the period of limitation. The motion for a judgment of acquittal is, accordingly, granted.
Moraghan, J.