PER CURIAM.
The impleaded defendants below, Raul Lopez and Teresa Lppez, appeal from the denial of their Motion to Quash/Strike Service and Service of Process. Raul Lopez also appeals from the denial of his Renewed Motion to Set Aside Default. We reverse both non-final orders and remand for further proceedings consistent with this opinion.
William and Maricarmen Suarez obtained a final judgment against Hillcrest Development of South Florida, Inc. In an attempt to collect on the final judgment, the Suarezes impleaded Raul Lopez, a shareholder and former director of Hill-crest, and Raul Lopez’s wife, Teresa Lopez.
On May 1, 2000, the Suarezes served the Lopezes by serving Teresa Lopez’s daughter, Ana Maria Gonzalez, at the Lopezes’ alleged residence. See § 48.031(l)(a), Fla. Stat. (1999). On June 1, 2000, Ms. Gonzalez’s affidavit was filed with the trial court wherein she averred that she resides in Venezuela, that she was staying at the Lopezes’ residence during her visit to Miami, that she had not resided at the property for over twenty years, and that the Lopezes were out of town when the pleadings were served.
On June 1, 2000, the Suarezes filed a Request for Default against the Lopezes with the clerk of the trial court pursuant to Rule 1.500(a), Florida Rules of Civil Procedure.[1] On June 2, 2000, the clerk entered defaults against the Lopezes.
Thereafter, on June 9, 2000, relying on Ms. Gonzalez’s affidavit, the Lopezes filed a Motion to Quash/Strike Service and Service of Process on the ground that they had never been served with process and that Ms. Gonzalez did not reside at their residence when she received the pleadings. At the hearing on the motion, the Suarezes provided the trial court with a copy of Ms. Gonzalez’s application for a driver’s license dated April 21, 1999, that indicated that she was not a Florida resident. Ms. Gonzalez, however, did list the Lopezes’ address as her address. The trial court de *574 nied the Lopezes’ motion based, in part, on statements made by the Suarezes’ attorney that were not supported by the evidence. The Lopezes appeal from this non-final order.
On June 29, 2000, the Lopezes filed a Renewed Motion to Set Aside Default arguing that the default was improperly entered by the clerk of the trial court pursuant to Rule 1.500(a) where Ms. Gonzalez’s affidavit constitutes the filing of a “paper.” The trial court granted the motion to set aside default as to Teresa Lopez, but denied it as to Raul Lopez. Raul Lopez appeals from this non-final order.
Raul Lopez contends that the trial court erred by denying his motion to vacate default. We agree.
As the parties have properly conceded, pursuant to Rule 1.500(a), if a “paper” is filed or served in the action, then the clerk of the trial court is not authorized to enter a default. The parties, however, disagree as to whether Ms. Gonzalez’s affidavit constitutes a “paper” under Rule 1.500(a). We find that Ms. Gonzalez’s affidavit, filed for the purpose of challenging the service of process, constitutes a “paper” under Rule 1.500(a). See NCR Corp. v. Cannon & Wolfe Lumber Co., 501 So.2d 157 (Fla. 1st DCA 1987); Building Inspection Seevs., Inc. of Dade v. Olemberg, 476 So.2d 774 (Fla. 3d DCA 1985); Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3d DCA 1985). Thus, the default entered by the clerk was not authorized, and therefore, the trial court erred by denying Raul Lopez’s motion to vacate default. Our holding comports with the liberal policy of Florida courts in granting motions to set aside defaults so that matters may be tried upon the merits. Reicheinbach, 462 So.2d at 612.
Finally, we agree with the Lopezes that the trial court erred by basing its ruling on their Motion to Quash/Strike Service and Service of Process on an unauthenticated driver’s license application and the statements made by the Suarezes’ attorney. As such, we reverse the denial of the motion and remand for an evidentiary hearing to determine whether the service of process complies with section 48.031(l)(a), specifically whether Ms. Gonzalez resided at the Lopezes’ alleged residence when the pleadings were served.
Reversed and remanded.

. Rule 1.500(a) provides as follows:
By the Clerk. When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.