STUART, Justice.
Jamie Kay Shields Barrows petitions this Court to issue a writ of mandamus directing Judge William E. Hereford of the St. Clair Circuit Court to vacate and set aside his order denying her motion to dismiss the will contest filed by James Shields, Jr. (“Shields Jr.”), on the basis that the circuit court never acquired jurisdiction over the will contest. We deny the petition.

Facts

On January 21, 2003, Barrows, as executrix of the will of James Edward Shields, petitioned the St. Clair Probate Court to probate James Edward Shields’s will. On February 10, 2003, the probate court admitted the will to probate and issued letters testamentary to Barrows.
On July 30, 2003, Shields Jr. filed a complaint in the probate court, contesting the will. On July 31, 2003, the probate court, ex mero motu, transferred the will contest to the circuit court. On July 31, 2003, pursuant to the probate court’s order, the chief clerk of the probate court filed the will-contest complaint and a copy of the probate court’s transfer order with the circuit court clerk. On August 4, 2003, counsel for Shields Jr. filed in the circuit court a copy of the will-contest complaint that had been filed in the probate court. The word “probate” was marked out and the word “circuit” was inserted in its place in the style. Counsel also submitted with the complaint a circuit court cover sheet. The circuit court docket fee for the filing of the complaint was not submitted until August 11, 2003.

Standard of Review

“[A] lack of subject-matter jurisdiction may be raised at any time, and ... the question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Johnson, 715 So.2d 783, 785 (Ala.1998); see also Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281 (Ala.1996); Forrester v. Putman, 409 So.2d 773 (Ala.1981); and Norton v. Liddell, 280 Ala. 353, 194 So.2d 514 (1967); but see Ex parte Jefferson County, 767 So.2d 343 (Ala.2000) (holding that a mandamus petition was not the appropriate procedural vehicle for presenting the issue of lack of subject-matter jurisdiction); and Ex parte Spears, 621 So.2d 1255 (Ala.1993) (holding that mandamus relief is restricted to the case where a recognized exception applies or to the extraordinary case where the rights of a party cannot be adequately protected by appellate review of a final judgment).
“This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala.1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987).”
Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000).

Legal Analysis

Barrows contends that the circuit court exceeded the scope of its authority by refusing to dismiss the will contest for lack of subject-matter jurisdiction.
Section 43-8-190, Ala.Code 1975, provides that “[a] will before the probate there *917 of may be contested by any person interested therein, ... by filing in the court where it is offered for probate allegations in writing. ...” (Emphasis added.) The probate court admitted the will for probate and issued letters testamentary on February 10, 2003. Shields Jr. did not file his will contest in the probate court until July 30, 2003. Clearly, Shields Jr.’s will contest filed in the probate court did not comply within the terms of § 43-8-190. Consequently, the probate court did not have jurisdiction over the will contest, and its order purporting to transfer the will contest to the circuit court was a nullity, see Ex parte Pearson, 241 Ala. 467, 3 So.2d 5 (1941). Therefore, the filing by the chief clerk of the probate court with the circuit court clerk of the complaint originally filed in the probate court did not invoke the jurisdiction of the circuit court. Steele v. Sullivan, 484 So.2d 422 (Ala.1986); Ex parte Pearson, supra. Cf. Kelley v. English, 439 So.2d 26, 28 (Ala.1983).
Section 43-8-199, Ala.Code 1975, provides:
“Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such mil to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated.”
(Emphasis added.)
Shields Jr. contends that his counsel’s filing in the circuit court a copy of the will-contest complaint filed in the probate court with the word “probate” marked out and the word “circuit” inserted in its place in the style and a circuit court cover sheet constituted an independent filing in the circuit court of the documents originally filed in and transferred from the probate court. Therefore, he says, he properly invoked the limited jurisdiction of the circuit court to entertain the will contest. We agree.
In Dunning v. New England Life Insurance Co., 890 So.2d 92 (Ala.2003), this Court addressed whether “a timely filed copy of a notice of appeal is acceptable under the Alabama Rules of Appellate Procedure if that copy was produced by a facsimile transmission.” 890 So.2d at 96. This Court stated:
“The only jurisdictional prerequisite for an appeal is the timely filing of a notice of appeal. Edmondson v. Blakey, 341 So.2d 481, 484 (Ala.1976); see also Committee Comments to Rule 3, Ala. R.App. P. (‘Timely filing of the notice of appeal is a jurisdictional act. It is the only step in the appellate process which is jurisdictional.’). The Alabama Rules of Appellate Procedure were not ‘designed to catch the unwary on technicalities.’ Edmondson, 341 So.2d at 484. Accordingly, absent a showing that the alleged defect in a notice of appeal prejudiced the adverse party, an appeal will not be dismissed on the basis of that defect. See Wemett v. State, 536 So.2d 349, 350 (Fla.Dist.Ct.App.1988) (‘a defect in a notice of appeal that does not prejudice the adverse party will not serve as grounds for dismissal’).
“The only difference between an original notice of appeal and a copy is the absence of an original signature on the copy. Neither the Alabama Rules of Appellate Procedure nor the Alabama Rules of Civil Procedure requires that a notice of appeal bear an original, penned .signature. . . .
“ ‘ “ ‘In the absence of a statute prescribing the method of affixing a signature, it may be .affixed in many different ways. It may be written by hand, and, generally, in the absence of a statute otherwise providing, it may be printed, stamped, typewritten, en *918 graved, photographed or cut from one instrument and attached to another.’ ” ’
“Wemett, 536 So.2d at 351 (quoting State v. Hickman, 189 So.2d 254, 258 (Fla.Dist.Ct.App.1966), quoting in turn, 80 C.J.S. Signatures § 7 (1953)).
“We hold that a timely filed copy of an original notice of appeal is acceptable under the Alabama Rules of Appellate Procedure. Thus, the ... notice of appeal, which was a faxed copy, was timely filed.”
890 So.2d at 96-97 (footnote omitted).
Applying the law and the reasoning set forth in Dunning, we must conclude that the filing of the copy of the complaint previously filed in the probate court with the word “probate” marked out and the word “circuit” inserted in its place in the style and the filing of a circuit court cover sheet constituted adequate pleading and documentation for the filing of the will contest in the circuit court. While the complaint appears to be a xeroxed copy of the complaint originally filed in the probate court, the complaint properly contains the name of the court, the title of the action, the file number, and the designation that it is a “complaint contesting will.” See Rule 10, Ala. R. Civ. P. Additionally, applying the principle of law set forth in Dunning that a signature may be affixed in different ways, the attorney’s signature, although not original, properly certified the allegations in the complaint. See Rule 11, Ala. R. Civ. P. See also Dunning, supra (noting that Rule 11 does not provide the method by which a pleading is to be signed). Additionally, Shields Jr. properly filed a cover sheet pursuant to Rule 3(b), Ala. R. Civ. P. Lastly, the docket fee was timely filed. The will was admitted to probate on February 10, 2003; the circuit court filing fee was tendered on Monday, August 11, 2003. Because August 10, 2003, was a Sunday, the filing fee was filed timely on Monday, August 11, 2003, within six months after the will had been admitted to probate. See § 1-1-4, Ala. Code 1975 (stating that if the last day of a period for filing is a Saturday, Sunday, or legal holiday, then the period runs until the end of the next day that is not a weekend day or holiday), and Odom v. Odom, 272 Ala. 164, 165, 130 So.2d 10, 10 (1961)(quoting Webster’s New International Dictionary for the definition of a calendar month, within the meaning of the statutory provision conferring jurisdiction to the circuit court after admission of the will to probate, as “ ‘the time from any day of any of the months as adjusted in the calendar to the corresponding day (if any; if not, to the last day) of the next month.’ ”). Therefore, Shields Jr. properly filed the will contest in the circuit court within six months after the will was admitted to probate, and the jurisdiction of the circuit court was properly invoked.
Barrows properly invoked the jurisdiction of this Court, but she has not established a clear legal right to the dismissal of the will contest. The circuit court has subject-matter jurisdiction over that contest.

Conclusion

Based on the foregoing, the petition for a writ of mandamus is denied.
PETITION DENIED.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, and WOODALL, JJ„ concur.