59 So.2d 849 (1952)
STATE for the Use and Benefit of DADE COUNTY
v.
ALL FLORIDA SURETY CO. et al.
Supreme Court of Florida, Division A.
July 8, 1952.
Rehearing Denied July 30, 1952.
Richard W. Ervin, Atty. Gen., Leonard Pepper and Boone D. Tillett, Jr., Asst. Attys. Gen., Robert R. Taylor, County Solicitor, John H. Connelly, Miami, and Vivion B. Rutherford, Assistant County Solicitors, Miami Beach, for appellant.
George Okell and Thomas Duff, Miami, for appellees.
TERRELL, Justice.
April 4, 1949, appellees were arrested for operating a gambling house and each gave bond in the sum of $500, conditioned to appear at the next regular term of the criminal court of record for Dade County. All Florida Surety Company was secured as surety on each bond. Thereafter the county solicitor of Dade County filed an information against each said defendant in two counts, (1) charging them with conspiracy to violate the gambling laws of Florida and (2) operating a gambling house.
Thereafter for reasons not necessary to state, defendants moved to suppress the evidence. June 16, 1949, the cause came on for hearing and the court sua sponte dismissed count two of the information as to all defendants and ordered count one transferred to the Court of Crimes of Dade County, with leave to the State to refile count two in the Criminal Court of Record. Defendants failed to appear before the Court of Crimes at the time appointed to answer the charge against them. The surety on their bonds having failed to produce the body of defendants or any of them in court, the Judge of the Court of Crimes promptly escreated the bond of each.
Based on the for feiture of the bonds the County Solicitor filed twelve bond estreature cases in the Circuit Court of Dade County. Scire facias was promptly entered and the State moved for final judgment on each bond. On stipulation of counsel the twelve cases were consolidated and in December 1950, Appellee, All Florida Surety Company, filed its return, answer and pleas to the scire facias, including objections to the motion for final judgment with interposed defenses to the estreatures, alleging that they were wrongfully and illegally issued. The Circuit Court held the estreatures to be improper and entered judgment for defendant from which judgment the State has appealed.
*850 It is admitted that count one of the information, charging conspiracy to violate the gambling laws is a misdemeanor and that count two charging the operation of a gambling house is a felony. It is also admitted that the Criminal Court of Record and the Court of Crimes, Dade County, have concurrent jurisdiction of misdemeanors and that the Criminal Court of Record may transfer all misdemeanors to the Court of Crimes. When such a transfer is made and defendant is released on bond and the County Solicitor later files an information in two counts, one charging a felony and the other charging a misdemeanor, and the court dismisses the felony but transfers the misdemeanor to the Court of Crimes, may the Court of Crimes estreat the bond given by defendant to appear at his trial for felony and defend the charge?
It appears that the conditions of the appearance bond were that defendant "appear at the next regular or special term of the Criminal Court of Record to be held in and for said County to answer a charge of operating Gambling House and shall appear from day to day and term to term of said court and not depart the same without leave, then this obligation to be void." Such was the contract on which All Florida Surety Company was bound for the appearance of defendants. The applicable statute on which the bond was predicated was Section 903.12 F.S.A. Subsection (1) as follows:
"(1) If a person is admitted to bail for his appearance for a preliminary examination, or on a charge that a magistrate is empowered to try, the condition of the undertaking shall be that he will appear for such examination, or to answer the charge, and will submit himself to the orders and process of the magistrate trying the same, and will not depart without leave."
Appellant contends that the primary purpose of bail in a criminal case is to combine the administration of criminal justice with the convenience of the one charged before he is proven to be guilty. When bail is required the statute under which it is given becomes a part of the contract with the State. West v. State, 75 Fla. 342, 78 So. 275. It is further contended that the object of bail is not to relieve the accused of imprisonment but to put him under the jurisdiction of the Court as if he were in the hands of the sheriff in order that he will be available to respond to such punishment as the law by the court may impose. The custody of the accused is transferred from the sheriff to the surety where it remains till he is discharged. If the surety fails in this, then he forfeits the amount of the bond.
Appellee contends and the trial court held, that when the surety company produced defendant in the Criminal Court of Record the obligation of the bond was met. This they say is true because the court of its own motion dismissed count two of the information and ordered count one transferred to the Court of Crimes, with leave to the State to refile count two in the Criminal Court of Record. Consequently when the Court of Crimes estreated the bond of defendant because of his failure to appear and answer a charge of conspiracy to violate the gambling laws, he exceeded his authority when he entered the order of estreature.
It is clear from State v. Sullivan, 95 Fla. 191, 116 So. 255, that the jurisdiction of the Criminal Court of Record and the Court of Crimes is concurrent as to misdemeanors but that the Criminal Court of Record has jurisdiction of felonies. It is also clear that in his order of transfer the Court of Crimes included only the misdemeanor and retained the felony for trial in the Criminal Court of Record. When this order of transfer was entered there was no motion or suggestion that bond be made for appearance to answer the trial for felony in the Criminal Court of Record. Even if Section 903.12, subsection (2), F.S.A. be read into the bond contract, the bond was not conditioned on defendant's appearing in court to answer the charge of conspiracy to violate the gambling laws (misdemeanor) hence it could not be said to follow such a charge to the Court of Crimes.
This Court has repeatedly held that the offense charged must be stated in the appearance *851 bond and that the liability of a surety is not to be extended beyond the terms of his contract and to that extent he is bonded. West v. State, 75 Fla. 342, 78 So. 275, and West v. State, 75 Fla. 377, 78 So. 285; Catlett v. State, 75 Fla. 375, 78 So. 284; Gato v. Warrington, 37 Fla. 542, 19 So. 883; Jennings v. Landrum, 51 Fla. 643, 40 So. 195. Sections 903.31 and 909.05, are to some effect as these decisions.
In our view, the statute and decisions cited in the preceding paragraph require an affirmance of the judgment appealed from. It is so ordered.
Affirmed.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.