STURGIS, Chief Judge.
The Summit Fidelity & Surety Co., appellant, seeks reversal of an adverse judgment entered October 24, 1963, by the Circuit Court of Duval County, Florida, in favor of the State of Florida, for the use and benefit of Duval County, Florida, the appellee. The judgment was entered pursuant to Chapter 61^406, Laws of Florida, Acts of 1961, based upon the undertaking of the appellant as surety upon a bail bond that was conditioned upon the appearance of the principal, Garoland Dale Robinson, in the Criminal Court of Record in and for Duval County, Florida, to answer criminal charges there pending against him. He had failed to appear and proceedings were had in that court forfeiting the bond.
Appellant’s sole contention is that acts of omission and commission on the part of the clerk of said Criminal Court of Record impaired the obligation of the bond and operated to exonerate and discharge the surety from liability thereon. While appellant’s brief asserts that said clerk negligently failed for a period of several years to properly docket the case pending against the principal and in fact placed the court file of said case in the “disposed of” files of the records of his office, the competent record on this appeal is devoid of any items supporting the facts thus stated and relied on by appellant as ground for reversal. There is nothing in the record to indicate that an issue involving the alleged facts was made be *758 fore the circuit court in resistance of the judgment appealed. It is elemental, therefore, that under the mentioned circumstances the appellant will not he permitted by its brief to initially raise and present such matters.
Assuming per argumenti that said clerk did fail to properly docket the criminal charge and did misplace the file in the criminal case against the principal on said bond, and that in other particulars he negligently failed to perform ministerial duties of his office, it does not appear that appellant was in any manner prejudiced thereby. The appellant was not deprived of its option, under Section 903.20, Florida Statutes, F.S.A., to surrender the defendant-principal on the bond to the official to whose custody the defendant was committed at the time bail was taken, or to the official into whose custody the defendant would have been given had he been committed. The failure to perform ministerial acts of the nature complained of, even if shown by the record, would not affect the obligation of the bond.
It is observed that the criminal proceedings against the defendant-principal on the bond were initiated in August of 1959, and so the question arises as to whether the 1957, 1959, 1961, or 1963 version of the Florida Statutes governing bonds and estreatures applies to this cause. We hold that it is immaterial to the issue on this appeal. Each version sets forth requirements that must be met in estreating bonds and in obtaining a remission of the estreatment. Sections 903.25 through 903.28, Florida Statutes 1963, F.S.A., prescribe a period of time during which a forfeiture must be paid, and upon failure to pay same, for proceedings to be taken whereby the circuit court enters judgment, as was done in this case. Section 903.271, Florida Statutes 1963, F.S.A., prohibits a remission when the forfeiture has been reduced to judgment; but this provision is subject to Section 903.28, Florida Statutes 1963, F.S.A., which permits a remission of the forfeiture to be made in those instances where payment of the forfeiture is made within 30 days after entry of the order of estreature and if, within six months after judgment is entered, good cause is shown for such remission. Appellant did not avail itself thereof.
The judgment appealed is
Affirmed.
RAWLS, J., and WILLIS, BEN C., Associate Judge, concur.