SWANN, Judge.
On February 7, 1960 Resolute Insurance Company as surety executed an appearance *521 bond with Lawrence White as principal. The $1500 bond was conditioned on the appearance of White in the Criminal Court of Record in and for Dade County, Florida, to answer “a charge of Attempt to Utter a Forged Instrument”. The bail bond was “taken and approved” and White was released from custody.
On February 17, 1967, the state filed an information against White. It charged him under Three Counts of the crimes of “forgery”, uttering a forged instrument and buying, receiving or concealing stolen property.
On October 31, 1967, White failed to appear to answer these charges and the Criminal Court entered an order forfeiting the appearance bond. Ultimately, the Circuit Court of Dade County entered a final judgment for the State of Florida against Resolute Insurance Company because Lawrence White had failed to appear to answer the charges of forgery, uttering a forged instrument and buying, receiving or concealing stolen property and because Resolute had failed to produce him at the proper time to answer those charges. Resolute’s motion to set aside the final judgment was denied. This appeal followed.
Resolute argues that the final judgment is an attempt by the state to extend its liability beyond the terms of its contract, i. e., the appearance or bail bond. It claims that its contract was only to produce White in court at the proper time to answer the charge of “attempt to utter a forged instrument”. See State for Use and Benefit of Dade County v. All Florida Surety Company, Fla.1952, 59 So.2d 849.
In Edwards v. State, Fla.App.1969, 223 So.2d 746 it was held that there is no distinction between uttering a forged instrument and attempting to utter a forged instrument. It follows that Resolute failed to produce White in court at the proper time to answer the charge of uttering a forged instrument and although the charge stated in the appearance bond was for an attempt to utter a forged instrument there is no distinction between these two charges.
Section 903.32, Fla.Stat., F.S.A., provides :
“(1) No undertaking shall be invalid, nor shall any person be discharged from his undertaking, nor a forfeiture thereof be stayed, nor shall judgment thereon be stayed, set aside or reversed, or the collection of any such judgment be barred or defeated by reason of any defect of form, omission of recital or of condition, failure to note or record the default of any principal or surety, or because of any other irregularity, or because the undertaking was entered into on Sunday or other holiday, if it appear from the tenor of the undertaking before what magistrate or at what court the principal was bound to appear, and that the official before whom it was entered into was legally authorised to take it and the amount of bail is stated.'” (Emphasis added)
It clearly appears from the undertaking here that White was to appear before the Criminal Court of Dade County, Florida at a time certain to answer the charge of uttering a forged instrument. He failed to do so, his surety Resolute failed to properly produce him and must suffer the consequences. Cf. § 903.12, Fla.Stat., F.S.A., and Rule 1.130(d), R.C.P., 33 F.S.A.
The final judgment is
Affirmed.