PEARSON, Chief Judge
(dissenting).
I agree with the majority that the bond was sufficient to cover White’s failure to appear to answer the charge of uttering a forged instrument because there is no distinction between that charge and the charge of attempting to utter a forged instrument. But I disagree with the conclusion that the bond was properly declared forfeit for White’s failure to appear to answer charges of uttering a forged instrument and forgery and buying, receiving or concealing stolen *522 property. I would not hold the addition of two more serious charges to be an irregularity cured by § 903.32, Fla.Stat., F.S.A., which is quoted in the majority opinion. See State for Use and Benefit of Dade County v. All Florida Surety Co., Fla.1952, 59 So.2d 849, 850-851, where the court stated:
“This court has repeatedly held that the offense charged must be stated in the appearance bond and that the liability of a surety is not to be extended beyond the terms of his contract and to that extent he is bonded.”
It would seem that .the addition of the more serious charges extended the liability of the surety because an accused is much less likely to appear when more serious charges are added. It may be that upon being informed of the more serious charges the surety must protect himself by a surrender of the accused under § 903.20, Fla. Stat., F.S.A. Cf. Summit Fidelity & Surety Co. v. State, Fla.App.1964, 166 So.2d 757. The record here is bare of a suggestion that the surety was informed of the new charges.
It should be added in fairness to the majority opinion that some states have held that the surety must produce the accused in accordance with the conditions of the bond even though the information is for an offense different from that under the bond. See cases cited at 8 C.J.S. Bail § 81b. But that does not seem to be the law as established in this state.