354 So.2d 961 (1978)
MIDLAND INSURANCE CO., a New York Corporation, and Robert Becke, Appellants,
v.
STATE of Florida, Appellee.
No. 77-1079.
District Court of Appeal of Florida, Third District.
February 7, 1978.
*962 Martin S. Saxon, Miami, for appellants.
Janet Reno, State's Atty., and John P. Durant, Asst. State's Atty., for appellee.
Before PEARSON, NATHAN and HUBBART, JJ.
HUBBART, Judge.
This is an appeal by a surety company from an order denying its motion to set aside a final judgment of bond forfeiture entered in a criminal case.
The issue presented for review is whether a surety company is relieved from responsibility on a bail bond which it has undertaken for a defendant on a charge of second degree murder when the state thereafter abandons the said second degree murder charge and obtains an indictment against the defendant for first degree murder arising out of the same incident. We hold that the surety company is relieved of all responsibility on the bail bond as written and reverse.
It appears without dispute that one Robert Becke was charged by information with the crime of second degree murder before the Dade County Circuit Court. A surety Midland Insurance Company posted a $5,000 bail bond set in the case for Robert Becke on the charge of second degree murder. The bond was subsequently estreated in the circuit court for non-appearance of Robert Becke in court pursuant to proper notice. A final judgment of forfeiture was thereupon entered by the clerk.
The surety Midland Insurance Company filed a timely motion to set aside the final judgment of forfeiture pursuant to Section 903.27, Florida Statutes (1975). The motion alleges that subsequent to assuming the bond undertaking for second degree murder herein, the defendant Robert Becke was indicted for first degree murder, and thereafter the bond was estreated based on the defendant's non-appearance in court. Attached is an affidavit by one of the surety's employees tending to establish this allegation. The state filed a response to the motion contending that the change in charges did not affect the surety's obligation under the bond. The circuit court judge denied the motion without a hearing.
The law is clear that the offense or offenses charged must be stated in an appearance bond for a defendant in a criminal case and that the liability on the said bond cannot be extended beyond the terms of the contract. State v. All Florida Surety Co., 59 So.2d 849 (Fla. 1952). Although the offense or offenses may be described by the bond in general terms without technical detail, the surety is obligated under the bond only with respect to the offense or offenses stated therein. State Fire & Casualty Co. v. State, 88 So.2d 274 (Fla. 1956); West v. State, 75 Fla. 342, 78 So. 275 (1915). Where the criminal charges are substantially changed from the charges on which the bail bond was originally written, the surety is no longer obligated under the bond.
Measured by these standards, it is clear that the surety herein was relieved of all responsibility under the bond as written because the state substantially increased the charges on the bond from second to first degree murder. Second degree murder is a non-capital offense punishable by a term of years not exceeding life imprisonment. Section 782.04(2), Florida Statutes (1975). First degree murder is a capital offense punishable by death or life imprisonment with no eligibility for parole for twenty-five years. Sections 775.082(1), Florida Statutes (1975). A substantially greater bail risk is involved when a surety becomes obligated under a bail bond written on a charge of first degree murder as opposed to a bail bond written on a charge of second degree murder. The likelihood of flight is much greater as to first degree murder because the accused now faces a possibility of execution. It would be manifestly unfair to require a surety who originally writes a bail bond on second degree murder to be also obligated under the same surety contract when the charge is increased to first degree murder.
We do not reach the second contention of the surety on appeal. That issue was not presented to the trial court and cannot be raised for the first time on appeal.
*963 The order under review is reversed and the cause remanded to the trial court to hold an evidentiary hearing on the surety's motion to vacate. If the surety is able to prove that which it alleges in the motion to vacate, the final judgment of forfeiture herein should be set aside.
Reversed and remanded.