437 So.2d 708 (1983)
BANKERS INSURANCE COMPANY, Appellant,
v.
STATE of Florida, for the Use and Benefit of HARDEE COUNTY, Appellee.
No. 82-2210.
District Court of Appeal of Florida, Second District.
July 6, 1983.
Rehearing Denied September 15, 1983.
George F. Meehan of Harris, Barrett & Dew, St. Petersburg, for appellant.
Barry Richard of Roberts, Baggett, LaFace, Richard & Wiser, Tallahassee, for appellee.
SCHEB, Judge.
Bankers Insurance Company appeals from a final order denying its motion to set aside a judgment of estreature of bail bonds. We affirm.
Bankers became surety on bail bonds guaranteeing the appearance of seven defendants charged under a series of fourcount informations filed by the state. The defendants were charged with trafficking in marijuana, conspiracy to traffic in marijuana, violation of the Florida Racketeer Influenced and Corrupt Organization Act (RICO), and conspiracy to violate that act. The original informations were filed July 25, 1980. They were amended by the state without leave of court on December 4, 1980, *709 to add forty-two predicate acts to the thirty-one acts already alleged in support of the RICO charges.
The defendants appeared for arraignment on December 16, 1980, at which time the court overruled their objections to the state's amendments and ordered that their bonds remain the same. Although notified of the arraignments, Bankers made no appearance and filed no objections to continuing as surety on the defendants' bonds. The defendants failed to appear for trial, and on March 2, 1981, the trial court ordered that their bonds be estreated. A deputy clerk of the court signed the certificates of estreature.
During the year following estreature, one of the seven defendants was apprehended. After crediting Bankers for remission of the forfeiture on that bond, the court, on March 3, 1982, entered final judgment against Bankers for $957,917.44.
On April 16, 1982, Bankers filed a series of motions under Florida Rule of Civil Procedure 1.540(b), seeking to set aside that judgment and to be exonerated as surety on the defendants' bonds. The court denied its motions and this appeal ensued.[1]
Bankers raises two contentions. First, Bankers argues that as a result of the state's amending the information to allege additional predicate acts in support of the RICO charges, it was subjected to greater risks than it originally agreed to assume. Bankers contends that inclusion of these additional acts changed the substance of the state's charges, subjected the defendants to the possibility of increased penalties, and increased the likelihood of flight by defendants. All this, it argues, increased its risk as surety and relieved it of its obligation on the bonds.
As we observed in Accredited Surety & Casualty Co. v. State ex rel. Hillsborough County, 383 So.2d 308 (Fla. 2d DCA 1980), a bail bond is a three-party contract between the state, the accused, and the surety, whereby the surety guarantees appearance of the accused. The offense charged must be stated in the appearance bond and the surety's liability on the bond cannot be extended beyond the terms of the contract. State ex rel. Dade County v. All Florida Surety Co., 59 So.2d 849 (Fla. 1952). Thus, it follows that if the criminal charges are substantially changed from the charges on which the bail bond was originally written, then the surety is no longer obligated under the bond. In support of its contention that it has been relieved of its responsibility as surety, Bankers relies principally on Accredited Surety, where the accused was rearrested and then released on her own recognizance, and Midland Insurance Co. v. State, 354 So.2d 961 (Fla.3d DCA 1978), where after bond was posted on a second-degree murder charge, the state abandoned that charge and secured an indictment of the defendant for first-degree murder. In each of these cases it was held that a surety was discharged of its responsibility.
We do not find these cases to be persuasive in support of Bankers' argument that the charges against defendants were substantially changed. Here, the condition of each bond provided that the defendants "submit to said Court to answer a charge of violation of the Florida RICO Act." That charge was never changed. Bankers correctly points out that there is an alternate fine under the new RICO Act where the court may, if it chooses, impose a fine up to three times the gross value gained or the loss caused by the defendants' criminal activity. § 895.04, Fla. Stat. (1981). Should the court elect this alternative fine, the potential assessment remains indefinite until subsequently established by proof. Nevertheless, the basic character of the charges remains. Regardless of what fine the court may choose to impose, a RICO Act violation is still a first-degree felony. Moreover, the record does not reveal any objection by Bankers to remaining as surety *710 on the bonds after the amendments to the information had been approved by the court.
Second, Bankers contends that the certificates of estreature are invalid because they were signed by a deputy clerk instead of by the trial judge as provided by section 932.46, Florida Statutes (1981). When the defendants failed to appear for their scheduled trial, The Honorable Oliver L. Green, Jr., who presided over the hearings, ordered the bonds estreated in open court. The deputy clerk typed the name of the judge on the signature line of the certificates of estreature and signed her name below the line. Judge Green subsequently entered an order nunc pro tunc stating that the original certificates of estreature were signed by the deputy clerk at the direction of the court for each of the defendants. He then filed personally signed nunc pro tunc certificates of estreature as to each bond.
It is well established that a signature may be made not only by the signer but also through someone duly authorized. State v. Hickman, 189 So.2d 254 (Fla. 2d DCA), cert. denied, 194 So.2d 618 (Fla. 1966). Essentially, the judge's signature was a ministerial act which he could delegate to a deputy clerk of court. However, even if the signature by the deputy clerk did not explicitly comply with the requirements of section 932.46, Bankers has failed to show any prejudice to it which would have justified the court in setting aside the estreature.[2]
In sum, we regard Bankers' contentions as relating to technicalities which do not affect its substantial rights and duties as surety.
AFFIRMED.
BOARDMAN, A.C.J., and DANAHY, J., concur.
NOTES
[1] Bankers filed its notice of appeal on August 9, 1982. On appeal it argues one point that it raised in a subsequently filed motion to set aside the judgment of March 3, 1982. The trial court denied this latter motion on January 3, 1983. No appeal therefrom has been taken; hence, we do not reach that point.
[2] We note the requirement for certificate of estreature was eliminated effective October 1, 1982. Ch. 82-175, § 70, Laws of Florida.