644 So.2d 560 (1994)
AMERICAN BANKERS INSURANCE COMPANY, Appellant,
v.
MONROE COUNTY, Appellee.
No. 94-511.
District Court of Appeal of Florida, Third District.
October 12, 1994.
Rehearing Denied November 23, 1994.
*561 John H. Lipinski and Maria Brea Lipinski, Miami, for appellant.
Joseph H. Kelinson, Asst. County Atty., Key West, for appellee.
Before HUBBART and BASKIN and GREEN, JJ.
PER CURIAM.
This is an appeal by American Bankers Insurance Company, a surety company, from a final order denying its motion to set aside a final judgment of bail bond forfeiture in a criminal case. We reverse the final order under review and remand the cause to the trial court with directions to set aside the bail bond forfeiture upon a holding that where, as here, (1) a surety company enters into a $50,000 appearance bond contract obligating itself to produce the defendant in court when required on a criminal charge of trafficking in marijuana [§ 893.135(1)(a), Fla. Stat. (1991)], a first-degree felony, and (2) the charges are subsequently and unilaterally changed by the state by adding a second charge of conspiracy to traffic in marijuana [§§ 777.04(3), (4)(d), 893.135(1)(a), Fla. Stat. (1991)], a second-degree felony  the subject charges have been substantially changed from the charges for which the bail bond was originally written and the surety company is no longer obligated under the bond. See Midland Ins. Co. v. State, 354 So.2d 961 (Fla. 3d DCA 1978).
Contrary to Monroe County's argument, we cannot say that the addition of the conspiracy to traffic in marijuana charge did not substantially change the charges against the defendant. This additional charge is a second-degree felony, §§ 777.04(4)(d), 893.135(1)(a), Fla. Stat. (1991), which carries a maximum penalty of fifteen-years imprisonment, § 775.082(3)(c), Fla. Stat. (1991). Moreover, there is no statutory bar to the defendant receiving consecutive sentences on this charge as well as the marijuana trafficking charge  as, without dispute, the conspiracy charge contains different statutory elements than the trafficking charge and is neither a lesser degree offense nor a necessarily included offense under the trafficking charge. § 775.021(4)(a), (b), Fla. Stat. (1991). This being so, the addition of the conspiracy charge substantially increased the bail risk from the risk which the surety originally agreed to; the likelihood of flight by a criminal defendant is much greater when an additional felony charge is added, as here, to the felony charge or charges for which the bail bond was originally written. Resolute Insurance Co. v. State ex rel. Dade County, 238 So.2d 520 (Fla. 3d DCA 1970), relied on by Monroe County, is not controlling because in that case the court did not consider the issue of whether the charges had been substantially changed so as to absolve the surety company of any liability under the surety contract  the issue which is involved in the instant case.
Finally, the fact that the surety company did not object when the charges were changed and undertook to look for the defendant when he absconded, obtaining court continuances to do so, does not, as urged, constitute a waiver of the surety's rights, because this action in no way amended the surety company's obligations under the original surety contract. Indeed, there is no showing on this record that the surety company was ever notified of the subject change in charges, much less that it agreed to this change in the surety contract. Clearly, if the state wished to require the surety company to remain legally obligated on the bail bond after the conspiracy charge was added, it should have sought the surety company's *562 express agreement to this substantial change in the original surety contract. This is so because surety contracts of this nature cannot be substantially amended without the express agreement of both parties to the contract. A contrary rule would drastically alter the law of suretyship and would be both impractical and unwise. See Miami Nat'l Bank v. Fink, 174 So.2d 38, 40 (Fla. 3d DCA), cert. denied, 180 So.2d 658 (Fla. 1965); Equitable Fire & Marine Ins. Co. v. Tiernan Bldg. Corp., 190 So.2d 197, 198-99 (Fla. 4th DCA 1966). See generally 28 Fla.Jur.2d Guaranty & Suretyship § 28 (1981).
Reversed and remanded.