884 So.2d 85 (2004)
INTEGRITY BAIL BONDS, Appellant,
v.
PINELLAS COUNTY BOARD OF COUNTY COMMISSIONERS, Appellee.
No. 2D03-3478.
District Court of Appeal of Florida, Second District.
April 14, 2004.
*86 Sean B. Kelley of Roger D. Futerman & Associates, Clearwater, for Appellant.
Michael A. Zas, Senior Assistant County Attorney, Clearwater, for Appellee.
DAVIS, Judge.
Integrity Bail Bonds ("Integrity") challenges the trial court's denial of its motion to set aside a bond estreature. Because we believe that the State's amendment of the offense charged was a substantial change from the original charge, we conclude that the court erred in failing to discharge the estreature. Accordingly, we reverse.
Jane Helen Brown was arrested for attempting to obtain a controlled substance by fraud, a third-degree felony. Integrity executed a $5000 appearance bond and power of attorney. Both the bond and the power of attorney specifically stated that the bond guaranteed Brown's appearance on the charge of attempting to obtain a controlled substance by fraud.
However, about a month later, the State filed an information charging Brown with the more severe offense of attempted trafficking in hydromorphone, a second-degree felony. The State also filed notice of intent to seek restitution. A notice of arraignment, specifying the charge as attempted trafficking in hydromorphone, was sent to both Brown and Integrity. When Brown failed to appear at the arraignment, the bond was estreated. Integrity subsequently moved to discharge the bond estreature on the grounds that the State had substantially changed the charge from a third-degree to a second-degree felony. The trial court denied the motion.
The law provides that "[w]here the criminal charges are substantially changed from the charges on which the bail bond was originally written, the surety is no longer obligated under the bond." Midland Ins. Co. v. State, 354 So.2d 961, 962 (Fla. 3d DCA 1978). Criminal charges are considered to be substantially changed where the likelihood of flight is much greater on the amended charge due to greater maximum penalties. See Am. Bankers Ins. Co. v. Monroe County, 644 So.2d 560, 560 (Fla. 3d DCA 1994); Midland Ins. Co., 354 So.2d at 962.
In the instant case, the State increased the charge from a third-degree felony, which carries a maximum prison term of five years, to a second-degree felony, which carries a maximum prison term of fifteen years. See § 775.082(3)(c)-(d), Fla. Stat. (2003). Accordingly, amending the charge from a third-degree to a second-degree felony substantially increased the bail risk to which Indemnity had agreed because Brown's likelihood of flight substantially increased.
Although the Pinellas County Board of County Commissioners *87 ("BOCC")[1] argues that Integrity should have objected when it received notice of the amended charge, that is not the law. As observed by the Third District in American Bankers:
Finally, the fact that the surety company did not object when the charges were changed and undertook to look for the defendant when he absconded ... does not, as urged, constitute a waiver of the surety's rights, because this action in no way amended the surety company's obligations under the original surety contract. Indeed, there is no showing on this record that the surety company was ever notified of the subject change in charges, much less that it agreed to this change in the surety contract. Clearly, if the state wished to require the surety company to remain legally obligated on the bail bond after the conspiracy charge was added, it should have sought the surety company's express agreement to this substantial change in the original surety contract. This is so because surety contracts of this nature cannot be substantially amended without the express agreement of both parties to the contract.
644 So.2d at 561-62. Although the surety in American Bankers was not notified of the change, the court made clear that the holding was based on the State's responsibility to obtain the surety company's express agreement to any substantial change of charges.
Finally, we are not persuaded by BOCC's argument that this court in Bankers Insurance Co. v. State ex rel. Hardee County, 437 So.2d 708 (Fla. 2d DCA 1983), imposed a requirement on the surety to object once it receives notification of any substantial change. In that case, we stated: "Moreover, the record does not reveal any objection by Bankers to remaining as surety on the bonds after the amendments to the information had been approved by the court." Id. at 709-10. However, we believe that language to be dicta because we had already determined in that case that there had not been a substantial change in the charge. We concluded that although the State had added additional violations of RICO, the underlying degree of felony and the basic character of the charges remained the same. Id. at 709. The additional cited language in the case regarding the surety's failure to object was not necessary to the resolution of the case and was merely an observation.
Having determined that the State's amendment of the offense charged constituted a substantial change from the original charge, we necessarily conclude that the trial court erred in denying Integrity's motion to discharge the bond estreature and we reverse.
Reversed.
CASANUEVA and VILLANTI, JJ., Concur.
NOTES
[1] The Pinellas County Board of County Commissioners has been substituted for the State as the appellee in the instant case.