990 So.2d 610 (2008)
CONTINENTAL HERITAGE INSURANCE CO., etc., et al., Petitioners,
v.
The STATE of Florida, Respondent.
No. 3D06-2649.
District Court of Appeal of Florida, Third District.
August 27, 2008.
Greg Chonillo, for petitioners.
Bill McCollum, Attorney General, and Charles M. Fahlbusch, Ft. Lauderdale, Senior Assistant Attorney General, for respondent.
Before COPE, CORTIÑAS, and SALTER, JJ.
PER CURIAM.
Continental Heritage Insurance Co. and Rusty Bail Bonds, Inc. (collectively, "the Surety") appeal an order denying a motion to set aside estreature of the bond. We have jurisdiction to review this order as a petition for writ of certiorari as the forfeiture amount has been paid by the surety. See Al Estes Bonding, Inc. v. Pinellas County Bd. of County Comm'rs, 845 So.2d 254 (Fla. 2d DCA 2003) (holding that an *611 order denying a motion to set aside estreature may be reviewed by writ of certiorari if the bond has been paid). For the reasons set forth below, we deny the petition.
Marlon Jose Lara was arrested on July 23, 2006, on four charges of lewd and lascivious battery on a victim between the ages of twelve and sixteen, by a person over eighteen years of age. The next day, the Surety posted an appearance bond in the amount of $30,000 and Lara was released. Arraignment was properly noticed and set for August 14, 2006. Lara failed to appear, and the bond was estreated. During the arraignment hearing, the State filed an information charging Lara with the four counts of lewd and lascivious battery that he was originally arrested on, as well as an additional count of incest.
The Surety filed a timely motion to set aside estreature arguing that the addition of a new count in the information substantially changed the terms of the bond. Because the State unilaterally increased the charges without the Surety's consent, the Surety argues there was an increased risk of flight and the Surety should be discharged from its obligation under the bond. A hearing was conducted and the trial court denied the motion. The Surety then appealed.[1]
A surety is only liable on an appearance bond for a criminal defendant to the extent of the written contractual terms of the bond. Midland Ins. Co. v. State, 354 So.2d 961, 962 (Fla. 3d DCA 1978). "Where the criminal charges are substantially changed from the charges on which the bail bond was originally written, the surety is no longer obligated under the bond." Id. In this case, while the State did unilaterally file an information containing an additional charge, it was after Lara failed to appear at the arraignment hearing. Although the Surety was unaware of the additional charge prior to this time, there is no record evidence that Lara had any notice of the additional charge prior to his non-appearance at the arraignment hearing.[2] Accordingly, we find that Lara's flight occurred prior to the State's filing of the information and that the Surety remained obligated on the bond.
Petition denied.
NOTES
[1] There was no docketed written order denying the motion to set aside estreature when the initial notice of appeal was filed. Consequently, this Court issued a Clerk's Order directing the Surety to file with this Court a written order denying the motion. See Williams v. State, 324 So.2d 74 (Fla.1975). A written order denying the Surety's motion to set aside estreature was rendered on July 8, 2008, nunc pro tunc to September 19, 2006, and we now have jurisdiction.
[2] In its motion to set aside estreature, the Surety alleges in paragraph 8 that: "The record in this court is clear that the increase charges and penalties were sought in this action and that this increase was made known to the Defendant." Aside from this assertion, there is no evidence presented in the Record on Appeal that the defendant had any knowledge of the inclusion of an additional felony in the Information prior to the State's filing of the Information with the court on August 14, 2006.