KAHN, J.
 

 Appellant, a bail bondsman in Escambia County, seeks review of a trial court order denying appellant’s motion to set aside a bond estreature. We reverse because an amended information filed in the underlying criminal case worked a material change to the bond contract.
 

 Appellant posted a $50,000 bond on behalf of Cipriano Gongora, who had been arrested on charges of trafficking in cocaine, a first-degree felony, and possession of marijuana with intent to sell or deliver, a third-degree felony. The face of the bond indicates that Gongora was arrested for “poss cocaine, trafficking.”
 

 Initially, the State Attorney filed a two-count information charging Gongora with: (1) conspiracy to traffic in cocaine in an amount over 400 grams, but less than 150 kilograms, a first-degree felony; and (2) conspiracy to sell, manufacture, deliver, or possess with intent to sell, manufacture, or deliver, cannabis, a third-degree felony. Several months later, and with appellant still on Gongora’s bond, the State filed an amended information in three counts, repeating the conspiracy to traffic in cocaine and the conspiracy to sell, manufacture, deliver, or possess with intent to sell, cannabis, as charged in the first information. This time, however, the State added a
 
 *111
 
 charge of trafficking in cocaine, another first-degree felony.
 

 When Gongora failed to appear, the circuit court issued a Notification of Surety Bond Forfeiture directing estreature of the bond by appellant within sixty days. Appellant moved to set aside the bond estreature, urging that the State Attorney had now charged Gongora with an additional crime and that such change, made without appellant’s consent, constituted a material change to the bond contract and “absolved the Surety from liability on the contract.” The circuit court denied appellant’s motion, finding no substantial material change in the charges against Gongo-ra.
 

 Because determination of the question of substantial change involves an issue of law, we review the matter de novo.
 
 See A-Alternative Release Bail Bonds v. Martin County,
 
 882 So.2d 414 (Fla. 4th DCA 2004). A surety bond “is simply a three-party contract made by the state, the accused, and the surety, with the surety guaranteeing to the state that the accused will appear at subsequent proceedings.”
 
 Wiley v. State,
 
 451 So.2d 916, 922 (Fla. 1st DCA 1984). If later actions by the State, although appropriate in the pending criminal matter, interfere with the surety’s right to control the defendant, a substantial breach of the surety contract occurs, and the surety is discharged.
 
 Fast Release Bail Bonds, Inc. v. State,
 
 895 So.2d 448, 450 (Fla. 4th DCA 2005);
 
 Wiley,
 
 451 So.2d at 922. Addition of a new criminal charge increases the risk from that to which the surety originally agreed, because “the likelihood of flight by a criminal defendant is much greater when an additional felony charge is added.”
 
 Am. Bankers Ins. Co. v. Monroe County,
 
 644 So.2d 560, 561 (Fla. 3d DCA 1994).
 

 Appellee argues the State added no new charges because the amended information only restated and clarified the original charges. Such a conclusion is apparent neither from the face of the amended information nor from the record. The amendment adds a trafficking count, but with a specific date of commission, in contrast to the original two conspiracy counts, which referenced date ranges. As appellant points out, under the first information, Gongora faced a maximum of thirty-five years’ imprisonment, with the possibility of a fifteen-year minimum mandatory term, on the single charge of conspiracy to traffic cocaine. On the amended information, however, Gongora faced the potential of another fifteen-year minimum mandatory, as well as another lengthy term of imprisonment. The record does not support a claim that the State would have been barred from seeking consecutive sentencing.
 

 Under
 
 American Bankers Insurance Co.,
 
 the additional felony charge materially changed the three-party bond contract and thus absolved the surety from liability on that contract. Accordingly, we REVERSE the order on review.
 

 THOMAS, and ROBERTS, JJ., concur.