WALLACE, Judge.
Fireline Bail Bonds and United States Fire Insurance Company (the Surety) appeal the circuit court’s order denying their motion for remission of the forfeiture of two bail bonds. We reject the Surety’s argument that the addition of a new charge with a nonmonetary release discharged the Surety’s obligations on the two preexisting bail bonds. However, we agree with the Surety that its return of the defendant to custody within two years of the forfeiture of the bonds entitled the Surety to a partial remission of the forfeitures. Accordingly, we affirm the circuit court’s order in part and reverse it in part.
I. THE FACTUAL AND PROCEDURAL BACKGROUND
On January 17, 2008, the State filed an information charging the defendant, Da-fayon Charles, with two counts of lewd or lascivious battery, a violation of section 800.04(4)(a), Florida Statutes (2007), and a second-degree felony. The State alleged that both offenses occurred between July 15 and 16, 2007; the offenses involved the same victim and arose out of a single incident. The defendant was originally held on the charges without bond. On April 14, 2008, the circuit court set bond at $25,000 on each count. Two months later, the Surety posted two $25,000 bonds, one for each count, and the defendant was released on bond.
On February 5, 2010, the State filed an amended information against the defen *13 dant. The charges against the defendant in counts one and two remained unchanged. The new information added a third count charging the defendant with lewd or lascivious molestation, a violation of section 800.04(5) (c) (2), and a second-degree felony. Like the original two charges, the third charge involved the same victim and arose out of the same incident.
For the purpose of the defendant’s bond status, the State and the circuit court treated the filing of the new charge as a nonevent. Law enforcement did not take the defendant into custody on the lewd or lascivious molestation charge. On the contrary, the defendant remained at liberty. And the circuit court did not set a bond on the new charge. No one notified the Surety of the filing of a third charge against the defendant.
On February 22, 2010, the defendant appeared for trial on the original charges. At that time, the circuit court arraigned the defendant on the additional charge, and he entered a plea of not guilty. After the defendant entered his plea, the circuit court continued the case to February 24, 2010, for trial. Once again, the defendant appeared for trial as scheduled, and jury selection began. However, after the lunch recess, the defendant did not return for the continuation of the trial.
Upon the defendant’s nonappearance, the circuit court issued a capias for his arrest and sent notices of forfeiture to the Surety on both bonds. On April 26, 2010, the Surety paid the bonds in full. Later, the Surety located the defendant in Pennsylvania and recommitted him to the custody of the Collier County Sheriff on May 1, 2011.
After the Surety returned the defendant to custody, it filed a motion seeking remission of the forfeitures of the two bail bonds. Pointing to the third charge filed without notice to it, the Surety argued “that the forfeitures should be set aside and the [S]urety discharged due to the substantial alteration to the contracted bond liability and the increased risk of flight due to the increased penalty faced by the defendant.” Alternatively, the Surety sought a partial remission of the bonds “based upon the May 1, 2011[,] recommit of the defendant within two years of the forfeitures.” After a hearing, the circuit court entered an order denying the Surety’s motion on both grounds. This appeal followed.
II. THE PARTIES’ ARGUMENTS
On appeal, the Surety argues that the State’s filing of an amended information that added a third second-degree felony to the charges against the defendant substantially increased the risk that he would flee. Thus the filing of the additional charge required notice to the Surety and its agreement to remain responsible on the bonds for the defendant’s appearance. Because the State did not notify the Surety of the filing of the additional charge and because the Surety did not agree to be responsible for the defendant’s appearance under the changed circumstances, it was relieved of the obligation to produce the defendant. Accordingly, the Surety concludes, it is entitled to a full remission of both bonds under section 903.28(1), Florida Statutes (2007). Alternatively, the Surety argues that it is entitled to a partial remission of the forfeitures under section 903.28(6).
In response, Dwight Brock, as Clerk of the Circuit Court of Collier County (the Clerk),[1] points out that each of the two *14 bonds on the original charges “is a standalone separate contract and the addition of a new charge with a nonmonetary release has no impact on the ... [Surety’s obligations under the separate bonds.”[2] The Clerk supports his argument by directing our attention to the 2006 amendment adding subsection (4) to section 903.02 of the Florida Statutes.[3] Section 903.02(4) provides as follows: “Any judge setting or granting monetary bail shall set a separate and specific bail amount for each charge or offense. When bail is posted, each charge or offense requires a separate bond.” Thus section 903.02(4) eliminates the use of so-called “blanket bonds” and requires a separate bond for each charge against the defendant. Before the addition of subsection (4) to section 903.02, Florida courts frequently set a single bail amount per indictment or information instead of a separate bail amount for each offense alleged within the charging instrument.[4]
III. DISCUSSION
“A bail bond is a three-party contract between the state, the accused, and the surety, whereby the surety guarantees [the] appearance of the accused.” Pinellas Cnty. v. Robertson, 490 So.2d 1041, 1042 (Fla. 2d DCA 1986). A suretyship contract is subject to Florida’s general laws of contract. Am. Home Assurance Co. v. Larkin Gen. Hosp., Ltd., 593 So.2d 195, 197 (Fla.1992). Therefore, a surety’s liability on a bail bond for a criminal defendant does not extend beyond the written contractual terms of the bond. Cont’l Heritage Ins. Co. v. State, 990 So.2d 610, 611 (Fla. 3d DCA 2008) (citing Midland Ins. Co. v. State, 354 So.2d 961, 962 (Fla. 3d DCA 1978)). In the Midland case, the Third District said: “Where the criminal charges are substantially changed from the charges on which the bail bond was originally written, the surety is no longer obligated under the bond.” 354 So.2d at 962. The proposition stated by the Third District in Midland stems from the commercial law regarding the liability of a surety. See Reese v. United States, 9 Wall. 13, 76 U.S. 13, 21, 19 L.Ed. 541 (1869).
An increase in the severity of a charge or charges for which a surety is already liable on an existing bond increases the surety’s risk under the bond contract. It follows that such an increase in the charge or charges without a surety’s consent alters the terms of the bond contract and discharges the surety’s obligation under the bond. See Integrity Bail Bonds v. Pinellas Cnty. Bd. of Cnty. Comm’rs, 884 So.2d 85, 87 (Fla. 2d DCA 2004) (holding that a surety was discharged where *15 the State increased the severity of the charge from a third-degree felony to a second-degree felony); A-Altemative Release Bail Bonds v. Martin Cnty., 882 So.2d 414, 415-16 (Fla. 4th DCA 2004) (same); Midland, 354 So.2d at 962 (holding that a surety liable on a bond for second-degree murder would be discharged by an increase in the charge to first-degree murder).
In this case, the State did not increase the severity of the charges for which the Surety was already liable on the existing bonds. Instead, the State amended the information by adding a new charge. We see a significant distinction between an increase in the severity of a charge for which a surety is already liable on a bond and the addition of a new charge for which a surety has not assumed any responsibility. An increase in the severity of the charge for which a surety is already liable on the bond alters the terms of the original contract and substantially increases the risk of the defendant’s flight and a breach of the existing bond. Such a unilateral alteration of the contract’s terms that increases the surety’s risk entitles the surety to discharge under settled principles of suretyship.
Unlike the increase in the severity of an existing charge, the addition of a new charge does not cause any change in a surety’s exposure under a preexisting bond or bonds. Granted, the addition of a new charge to an indictment or information may increase the risk that the defendant will flee. However, the addition of a new charge or charges to an existing indictment or information does not result in a surety’s discharge on an existing bond because the new charge or charges do not work any change in the surety’s contractual obligation. See United States v. Kodelja, 629 F.2d 1330, 1332 (9th Cir.1980) (holding that a surety liable on an existing bond was not discharged by the defendant’s release from custody after a second arrest on a different charge); Kansas v. Indem. Ins. Co. of N. Am., 9 Kan.App.2d 53, 672 P.2d 251, 253 (1983) (holding that a surety was not discharged from liability on a bond conditioned on the defendant’s appearance to answer a charge of aggravated assault when the state amended the charging document to add additional counts for rape, kidnapping, and unlawful restraint). It follows that the addition of the third charge here did not affect the Surety’s liability under the two preexisting bonds on the original charges in the event of the defendant’s nonappearance. Accordingly, the Surety was not discharged from its obligation on the bonds.
We have considered the decisions in American Bankers Insurance Co. v. Monroe County, 644 So.2d 560 (Fla. 3d DCA 1994), and Matt Howard Bail Bonds v. Escambia County Clerk of Court, 13 So.3d 109 (Fla. 1st DCA 2009), two cases on which the Surety relies in support of its position. In these cases, the appellate courts held that a surety was released from its obligation on a bond after the State filed an amended information adding a new charge. However, both of these cases are distinguishable on their facts.
In the American Bankers case, the surety posted a $50,000 bond for the defendant who was originally charged with trafficking in marijuana, a first-degree felony. 644 So.2d at 561. Later, without the surety’s agreement to remain on the bond, the State amended the information to add a second charge of conspiracy to traffic in marijuana, a second-degree felony. When the defendant failed to appear, the circuit court forfeited the bond. The surety moved to set aside the forfeiture, and the circuit court denied the motion. On appeal, the Third District reversed the circuit court’s order and remanded the case *16 to the trial court with directions to set aside the bail bond forfeiture. Id.
American Bankers is distinguishable from this case because the bond at issue in that case was a blanket bond. In explaining its holding, the Third District repeatedly referred to this feature of the bond under consideration in that case. First, the court emphasized that the addition of the second charge “substantially changed ... the charges for which the bail bond was originally written.” Id. Next, the court said that “the likelihood of flight by a criminal defendant is much greater when an additional felony charge is added, as here, to the felony charge or charges for which the bail bond was originally written.” Id. Finally, the court characterized the addition of the second charge as a “substantial change in the original surety contract.” Id. at 562. Unquestionably, the bond at issue in the American Bankers case was a single blanket bond to which an additional charge was added without the surety’s consent. This material alteration in the contract -without the surety’s consent relieved the surety of its obligations under the bond. Id. at 561.
The facts and the holding in the Matt Howard case are similar to the facts and the holding in American Bankers. Indeed, the First District cited American Bankers as authority for its decision. Matt Howard, 13 So.3d at 111. Although the First District decided Matt Howard in 2009, the bond at issue in that case appears to be a blanket bond similar to the bond under review in American Bankers. Matt Howard, 13 So.3d at 110.
American Bankers and Matt Howard are not controlling here. In this case, unlike in those cases, there was no blanket bond. On the contrary, the Surety’s bonds were specific to the existing charges. The addition of the new charge did not affect the Surety’s contractual obligations under these bonds. In the absence of a material alteration of its contracts, the Surety was not discharged of its obligations under the bonds. Thus the circuit court did not err in denying the Surety’s motion for a full remission of the bonds.
However, the circuit court erred by failing to consider the Surety’s alternative request for a partial remission of the forfeitures. The Surety is entitled to a partial remission of the forfeitures based upon its return of the defendant to the custody of the Collier County Sheriff within two years of the forfeitures. On remand, the circuit court must reconsider the Surety’s request for a partial remission and enter an appropriate order.
IY. CONCLUSION
For these reasons, we affirm the circuit court’s order to the extent that it denied the Surety’s motion for the full remission of the two bond forfeitures. We reverse the circuit court’s order to the extent that it denied the Surety’s motion for a partial remission of the forfeitures based on its return of the defendant to custody within two years of the forfeitures. On remand, the circuit court shall reconsider the Surety’s request for a partial remission and enter an appropriate order remitting a portion of the forfeited amounts to the Surety.
Affirmed in part, reversed in part, and remanded -with directions.
VILLANTI and LaROSE, JJ., Concur.

. Section 903.28(10) provides: "The clerk of the circuit court is the real party in interest *14 for all appeals arising from an action for the remission of a forfeiture under this section.”

. The Clerk makes various other arguments. The Clerk's other arguments are without merit and do not warrant further discussion.

. Ch.2006-279, § 1, at 2878, Laws of Fla. The amendment became effective on October 1, 2006. Id., § 5, at 2880. Effective January 1, 2010, the Supreme Court of Florida amended Florida Rule of Criminal Procedure 3.131(b)(2) by adding the language of subsection 903.02(4) to the rule. In re Amendments to the Florida Rules of Criminal Procedure, 26 So.3d 534, 538-39 (Fla.2009).

.The staff analysis for the bill explains the then-existing practice concerning the use of "blanket bonds” as follows: "Florida Statutes do not currently require (or prevent) a judge to set a separate bail for each offense charged. However, the usual practice is for judges to set one bail amount regardless of how many offenses a defendant is charged with.” Fla. H.R. Comm. on Crim. Justice, CS for HB 827 (2006), Staff Analysis 4, n. 26 (Apr. 25, 2006); see also Accredited Sur. & Cas. Co. v. Putnam Cnty., 561 So.2d 1243, 1244 (Fla. 5th DCA 1990) (”[T]he trial court set a blanket bond amount of $15,000.00 for all of [the defendant's] charges.”).